UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ENDEAVOR MESHTECH, INC., <br><br> Plaintiff, <br><br> v. <br><br> FLUIDMESH NETWORKS LLC <br> Defendant. | CIVIL ACTION NO. 1:15-cv-11661 <br><br> **JURY TRIAL DEMANDED** |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Endeavor MeshTech, Inc. (hereinafter, "Plaintiff" or "Endeavor"), by and through its undersigned counsel, files this Original Complaint for Patent Infringement against Fluidmesh Networks LLC (hereinafter, "Defendant" or "Fluidmesh") as follows:

### NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendant's infringement of Plaintiff's United States Patent Nos. 7,379,981 (hereinafter, the "'981 Patent"), 8,700,749 (hereinafter, the "'749 Patent"), and 8,855,019 (hereinafter, the "'019 Patent") (collectively, the "Patents-in-Suit"), copies of which are attached hereto as Exhibits A, B and C, respectively. Plaintiff is the owner of the Patents-in-Suit. Plaintiff seeks injunctive relief and monetary damages.

## PARTIES

2. Endeavor is a corporation organized and existing under the laws of the State of Delaware and maintains its principal place of business at 140 Broadway, 46th Floor, New York, New York, 10005.

3. Based upon public information, Fluidmesh Network LLC is a limited liability company duly organized and existing under the laws of Delaware and has its principal place of business (corporate headquarters) located at 1359 Barclay Boulevard, Buffalo Grove, Illinois 60089 (Cook County). Defendant may be served in Chicago, Illinois with Alan B. Patzik, at 150 S Wacker Drive, Suite 1500, Chicago, Illinois 60606.

4. Based upon public information, Defendant ships, distributes, makes, uses, offers for sale, sells, and/or advertises Fluidmesh Mesh Networks using its VOLO, FLUIDITY, MOBI, ENDO, PRODIGY, PONTE, and BASE brand names. *See* Exhibits D-J.

## JURISDICTION AND VENUE

5. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

6. The Court has personal jurisdiction over Defendant because: Defendant has minimum contacts within the State of Illinois and in the Northern District of Illinois; Defendant has purposefully availed itself of the privileges of conducting business in the State of Illinois and in the Northern District of Illinois; Defendant has sought protection and benefit from the laws of the State of Illinois; Defendant regularly conducts business within the State of Illinois and within the Northern District of Illinois, and Plaintiff's causes of action arise directly from Defendant's

business contacts and other activities in the State of Illinois and in the Northern District of Illinois.

7. More specifically, Defendant, directly and/or through its intermediaries, ships, distributes, makes, uses, imports, offers for sale, sells, and/or advertises its products and affiliated services in the United States, the State of Illinois, and the Northern District of Illinois. Based upon public information, Defendant has committed patent infringement in the State of Illinois and in the Northern District of Illinois. Defendant solicits customers in the State of Illinois and in the Northern District of Illinois. Defendant has many paying customers who are residents of the State of Illinois and the Northern District of Illinois and who use Defendant's products in the State of Illinois and in the Northern District of Illinois. Defendant has its principal place of business in the Northern District of Illinois.

8. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## BACKGROUND INFORMATION

9. The Patents-in-Suit were duly and legally issued by the United States Patent and Trademark Office on May 27, 2008 (the '981 Patent), April 15, 2014 (the '749 Patent), and October 7, 2014 (the '019 Patent) after full and fair examinations. Plaintiff is the owner of the Patents-in-Suit, and possesses all right, title and interest in the Patents-in-Suit including the right to enforce the Patents-in-Suit, the right to license the Patents-in-Suit, and the right to sue Defendant for infringement and recover past damages.

10. Based upon public information, Defendant owns, operates, advertises, and/or controls the website http://www.fluidmesh.com, through which Defendant advertises, sells,

offers to sell, provides and/or educates customers about its products and services, including but not limited to the following products and related services (the "Accused Product and Services"): Fluidmesh Networks' VOLO, FLUIDITY, MOBI, ENDO, PRODIGY, PONTE, and BASE brand name components (*see* Exhibits D-J) to form its wireless mesh networks and wireless sensor network product lines, including the Fluidmesh ("FM") PONTE, FM1200 VOLO, FM 4200 MOBI, FM 3200 ENDO, FM 1100 MITO, FM 3100 MITO, FM FLUIDITY, FM 3200 BASE, and all substantively similar products and any of the predecessors and future versions of the foregoing. *See* Exhibits K-T.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,379,981

11. Plaintiff re-alleges and incorporates by reference each of Paragraphs 1-10 above.

12. Plaintiff is informed and believes that Defendant has infringed and continues to infringe the '981 Patent, either literally or under the doctrine of equivalents, through the manufacture and sale of infringing products under Fluidmesh Networks' VOLO, FLUIDITY, MOBI, ENDO, PRODIGY, PONTE, and BASE wireless network components, including the Fluidmesh ("FM") PONTE ("FM Node" or if set as operative gateway, "FM Gateway"), FM1200 VOLO ("FM Node" or if set as operative gateway, "FM Gateway"), FM 4200 MOBI ("FM Node" or if set as operative gateway, "FM Gateway"), FM 3200 ENDO ("FM Node" or if set as operative gateway, "FM Gateway"), FM 1100 MITO ("FM Node" or if set as operative gateway, "FM Gateway"), FM 3100 MITO ("FM Node" or if set as operative gateway, "FM Gateway"), FM FLUIDITY ("FM Gateway"), FM 3200 BASE ("FM Gateway"). Based upon public information, Defendant has infringed and continues to infringe one or more claims of the '981 Patent because it ships distributes, makes, uses, imports, offers for sale, sells, and/or

advertises devices that form a self-organizing wireless network that incorporates a group of virtual network nodes (FM Nodes) coupled to a gateway(s) (FM Gateway(s)) to provide a communication access point between the nodes and an external network, including at least the Accused Products and Services, and the Accused Products and Services infringe one or more of the claims of the '981 Patent by providing networking solutions that include "mesh networking capabilities [] embedded in all [its] products" (Exhibit E, p. 4) that comprise "a robust, self-healing" mesh network to Defendant's customers. Exhibit T, p. 3; *see also,* Exhibits K-T. Defendant's Accused Products and Services are available for sale on its website and through various retailers located in this district and throughout the United States. *See, e.g.,* Exhibits D-J.

13. Based upon public information, Defendant has intentionally induced and continues to induce infringement of one or more claims of the '981 Patent in this district and elsewhere in the United States, by its intentional acts which have, among other things, successfully encouraged, instructed, enabled, and otherwise caused Defendant's customers to use the Accused Products and Services in an infringing manner. Despite knowledge of the '981 Patent as early as the date of service of the Original Complaint in this action, Defendant, based upon public information, continues to encourage, instruct, enable, and otherwise cause its customers to use its products and services, in a manner which infringes the '981 Patent. Based upon public information, Defendant's source of revenue and business focus is the provision of and sale of the Accused Products and Services. Based upon public information, Defendant has specifically intended its customers to use its products and services in such a way that infringes the '981 Patent by, at a minimum, providing and supporting the Accused Products and Services and instructing its customers on how to use them in an infringing manner, at least through

information available on Defendant's website including information brochures, promotional material, and contact information. *See e.g.* Exhibits D-J. Specifically, Defendant offers design services to select, deploy and integrate Defendant's products to assist its customers in establishing and using its self-organizing mesh systems. *See e.g.* Exhibits D-J. Based upon public information, Defendant knew that its actions, including, but not limited to any of the aforementioned products and services, would induce, have induced, and will continue to induce infringement by its customers by continuing to sell, support, and instruct its customers on using the Accused Products and Services.

14. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

15. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

16. Defendant's infringement of Plaintiff's rights under the '981 Patent will continue to damage Plaintiff, causing irreparable harm to Plaintiff for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 8,700,749

17. Plaintiff re-alleges and incorporates by reference each of Paragraphs 1-10 above.

18. Plaintiff is informed and believes that Defendant has infringed and continues to infringe the '749 Patent, either literally or under the doctrine of equivalents, through the manufacture and sale of infringing products under Fluidmesh Networks' VOLO, FLUIDITY,

MOBI, ENDO, PRODIGY, PONTE, and BASE wireless network components, including the Fluidmesh ("FM") PONTE ("FM Node" or if set as operative gateway, "FM Gateway"), FM1200 VOLO ("FM Node" or if set as operative gateway, "FM Gateway"), FM 4200 MOBI ("FM Node" or if set as operative gateway, "FM Gateway"), FM 3200 ENDO ("FM Node" or if set as operative gateway, "FM Gateway"), FM 1100 MITO ("FM Node" or if set as operative gateway, "FM Gateway"), FM 3100 MITO ("FM Node" or if set as operative gateway, "FM Gateway"), FM FLUIDITY ("FM Gateway"), FM 3200 BASE ("FM Gateway"). Based upon public information, Defendant has infringed and continues to infringe one or more claims of the '749 Patent because it ships distributes, makes, uses, imports, offers for sale, sells, and/or advertises devices that form a self-organizing wireless network that incorporates a group of virtual network nodes (FM Nodes) coupled to a gateway(s) (FM Gateway(s)) to provide a communication access point between the nodes and an external network, including at least the Accused Products and Services, and the Accused Products and Services infringe one or more of the claims of the '749 Patent by providing networking solutions that include "mesh networking capabilities [] embedded in all [its] products" (Exhibit E, p. 4) that comprise "a robust, self-healing" mesh network to Defendant's customers. Exhibit T, p. 3; *see also,* Exhibits K-T. Defendant's Accused Products and Services are available for sale on its website and through various retailers located in this district and throughout the United States. *See, e.g.,* Exhibits D-J.

19. Based upon public information, Defendant has intentionally induced and continues to induce infringement of one or more claims of the '749 Patent in this district and elsewhere in the United States, by its intentional acts which have, among other things, successfully encouraged, instructed, enabled, and otherwise caused Defendant's customers to use

the Accused Products and Services in an infringing manner. Despite knowledge of the '749 Patent as early as the date of service of the Original Complaint in this action, Defendant, based upon public information, continues to encourage, instruct, enable, and otherwise cause its customers to use its products and services, in a manner which infringes the '749 Patent. Based upon public information, Defendant's source of revenue and business focus is the provision of and sale of the Accused Products and Services. Based upon public information, Defendant has specifically intended its customers to use its products and services in such a way that infringes the '749 Patent by, at a minimum, providing and supporting the Accused Products and Services and instructing its customers on how to use them in an infringing manner, at least through information available on Defendant's website including information brochures, promotional material, and contact information. *See e.g.* Exhibits D-J. Specifically, Defendant offers design services to select, deploy and integrate Defendant's products to assist its customers in establishing and using its self-organizing mesh systems. *See e.g.* Exhibits D-J. Based upon public information, Defendant knew that its actions, including, but not limited to any of the aforementioned products and services, would induce, have induced, and will continue to induce infringement by its customers by continuing to sell, support, and instruct its customers on using the Accused Products and Services.

20. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

21. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law,

cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

22. Defendant's infringement of Plaintiff's rights under the '749 Patent will continue to damage Plaintiff, causing irreparable harm to Plaintiff for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 8,855,019

23. Plaintiff re-alleges and incorporates by reference each of Paragraphs 1-10 above.

24. Plaintiff is informed and believes that Defendant has infringed and continues to infringe the '019 Patent, either literally or under the doctrine of equivalents, through the manufacture and sale of infringing products under Fluidmesh Networks' VOLO, FLUIDITY, MOBI, ENDO, PRODIGY, PONTE, and BASE wireless network components, including the Fluidmesh ("FM") PONTE ("FM Node" or if set as operative gateway, "FM Gateway"), FM1200 VOLO ("FM Node" or if set as operative gateway, "FM Gateway"), FM 4200 MOBI ("FM Node" or if set as operative gateway, "FM Gateway"), FM 3200 ENDO ("FM Node" or if set as operative gateway, "FM Gateway"), FM 1100 MITO ("FM Node" or if set as operative gateway, "FM Gateway"), FM 3100 MITO ("FM Node" or if set as operative gateway, "FM Gateway"), FM FLUIDITY ("FM Gateway"), FM 3200 BASE ("FM Gateway"). Based upon public information, Defendant has infringed and continues to infringe one or more claims of the '019 Patent because it ships distributes, makes, uses, imports, offers for sale, sells, and/or advertises devices that form a self-organizing wireless network that incorporates a group of virtual network nodes (FM Nodes) coupled to a gateway(s) (FM Gateway(s)) to provide a communication access point between the nodes and an external network, including at least the

Accused Products and Services, and the Accused Products and Services infringe one or more of the claims of the '019 Patent by providing networking solutions that include "mesh networking capabilities [] embedded in all [its] products" (Exhibit E, p. 4) that comprise "a robust, self-healing" mesh network to Defendant's customers. Exhibit T, p. 3; *see also,* Exhibits K-T. Defendant's Accused Products and Services are available for sale on its website and through various retailers located in this district and throughout the United States. *See, e.g.,* Exhibits D-J.

25.  Based upon public information, Defendant has intentionally induced and continues to induce infringement of one or more claims of the '019 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused Defendant's customers to use the Accused Products and Services in an infringing manner. Despite knowledge of the '019 Patent as early as the date of service of the Original Complaint in this action, Defendant, based upon public information, continues to encourage, instruct, enable, and otherwise cause its customers to use its products and services, in a manner which infringes the '019 Patent. Based upon public information, Defendant's source of revenue and business focus is the provision of and sale of the Accused Products and Services. Based upon public information, Defendant has specifically intended its customers to use its products and services in such a way that infringes the '019 Patent by, at a minimum, providing and supporting the Accused Products and Services and instructing its customers on how to use them in an infringing manner, at least through information available on Defendant's website including information brochures, promotional material, and contact information. *See e.g.* Exhibits D-J. Specifically, Defendant offers design services to select, deploy and integrate Defendant's products to assist its customers in

establishing and using its self-organizing mesh systems. *See e.g.* <u>Exhibits D-J</u>. Based upon public information, Defendant knew that its actions, including, but not limited to any of the aforementioned products and services, would induce, have induced, and will continue to induce infringement by its customers by continuing to sell, support, and instruct its customers on using the Accused Products and Services.

26. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

27. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

28. Defendant's infringement of Plaintiff's rights under the '019 Patent will continue to damage Plaintiff, causing irreparable harm to Plaintiff for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

29. Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

30. Plaintiff respectfully requests the following relief:

    A. An adjudication that one or more claims of the Patents-in-Suit has been infringed, either literally and/or under the doctrine of equivalents, by the Defendant;

B. An adjudication that Defendant has induced infringement of one or more claims of the Patents-in-Suit;

C. An award of damages to be paid by Defendant adequate to compensate Plaintiff for Defendant's past infringement and any continuing or future infringement up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Plaintiff for Defendant's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

D. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant and its respective officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from further acts of infringement with respect to any one or more of the claims of the Patents-in-Suit;

E. That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and,

F. Any further relief that this Court deems just and proper.

Dated: December 28, 2015      Respectfully submitted,

              */s/Mark R. Miller*
              Mark R. Miller, Esq.
              **WEXLER WALLACE LLP**
              55 West Monroe, Suite 3300
              Rockville, IL 60603
              Telephone: (312) 346-2222
              Facsimile: (312) 346-0022
              Email: MRM@wexlerwallace.com

              *Liaison Counsel for Plaintiff*

              Jacqueline K. Burt (Bar No. 425322, GA)
              Jonathan R. Miller (Bar No. 507179, GA)
              James F. McDonough, III (Bar No. 117088, GA)
              **HENINGER GARRISON DAVIS, LLC**
              3621Vinings Slope, Suite 4320
              Atlanta, Georgia 30339
              Telephone: (404) 996-0861, 0869, 0863
              Facsimile: (205) 547-5502, 5504, 5506
              Email: jburt@hgdlawfirm.com
              Email: jmcdonough@hgdlawfirm.com
              Email: jmiller@hgdlawfirm.com

              *Attorneys for Plaintiff*
              *Endeavor MeshTech, Inc.*